[No. 7523.   Decided April 29, 1909.]

SANDSTONE BRICK & LIME COMPANY, *Respondent*, v. JAMES
T. LAWLER, *Appellant*.[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—VENDOR AND PUR-
CHASER—CONTRACTS. Where, by the terms of a contract to purchase
land, a cash payment of $19,000 is to be made in 90 days, time is
made of the essence, an abstract of title is to be furnished and five
days allowed for examination, and if the title is not good or can-
not be made good within sixty days the contract is to be void and
earnest money refunded, parol evidence is inadmissible to show an
understanding that one-ninth of the title was held by minor heirs
whose interest was to be acquired by probate proceedings, and that
the abstract was not to be furnished until such title was acquired;
as the contract cannot be varied by parol, and there is no such
ambiguity in the contract as to permit parol evidence to explain it.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered March 28, 1907, upon findings
in favor of the plaintiff, after a trial before the court without
a jury, in an action on contract.   Affirmed.

*M. M. Lyter*, for appellant.

*James McNeny*, for respondent.

MOUNT, J.—The appellant and respondent entered into
the following contract:

"$1,000.            Seattle, Wash., February 2nd, 1907.

"Received of the Sandstone Brick & Lime Co., hereinafter
mentioned as the purchaser, the sum of one thousand dollars
as earnest money, and in part payment for the purchase of
certain real estate in Snohomish county, state of Washington,
and particularly described as follows, to wit:   The south half
of northeast quarter of section five, township thirty north,
range seven east W. M., which contains the deposit of lime-
stone situated on the Moe homestead together with any and
all improvements thereon, which we have this day sold to the
said purchaser for the sum of forty thousand dollars ($40,-
000) on the following terms, to wit:   One thousand dollars

[1]Reported in 101 Pac. 360.

($1,000) as hereinabove receipted for, nineteen thousand dollars ($19,000) cash in hand within ninety days from date hereof; ten thousand ($10,000)· cash in hand within nine months from date hereof; ten thousand dollars ($10,000) in capital stock of the purchaser when sale is completed. Rents and interest on mortgages, if any, are to be apportioned from date deed is delivered. The risk of loss or damages to said premises by fire, until delivery of deed, is assumed by seller to the limit only of amount allowed by the insurance companies. An abstract of title is to be furnished, and five days' time allowed for examination thereof. It is agreed that if the title to said premises is not good, or cannot be made good within sixty days, this agreement is void, and the earnest money here receipted for shall be refunded. But if the title to said premises is good, and the purchaser neglects or refuses to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to the owner of said premises, and this contract shall as to both parties become null and void. The property is to be conveyed by good and sufficient deed of conveyance, free and clear of all liens and incumbrances of every nature whatsoever. It is understood that the purchaser shall have a reasonable time after the expiration of the ninety days above mentioned to pay the nineteen thousand dollars ($19,000) above referred to in the event that the inclemency of the weather prevented an examination of the property.          James T. Lawler.

"Time is the essence of this contract.

"I hereby agree to purchase said property on the above terms and pay $40,000 as specified above. Sandstone Brick & Lime Co., Purchaser."

The respondent, on the date of the contract, paid to the appellant the $1,000, as therein stated. The appellant never furnished to respondent an abstract of title to the land. The title was not good and was not made good. On April 8, 1907, after the expiration of sixty days from the date of the contract, the respondent demanded the return of the $1,000. Appellant refused to return the money. Thereupon respondent brought this action to recover the same. Upon the trial, these facts appearing, the trial court entered judgment as prayed for.

The defendant appeals, and alleges that the court erred in refusing to permit him to show, in substance, that at the time the agreement was entered into, the parties knew that the title to the land was in Mr. Lawler, but that his interest therein was only an option to purchase 24-27 thereof; that the remaining 3-27 belonged to the minor heirs who resided in Snohomish county; that it was understood between the parties that it would take longer than sixty days to acquire the interests of such heirs, and that it was agreed that the abstract referred to should not be delivered until after the interest of the minor heirs had been acquired; that immediately after the date of the contract, the appellant proceeded to acquire the title of the heirs by probate procedure, but before the same could be accomplished, the respondent, on April 8, 1907, notified appellant that it would not take the property, by reason of the fact that the land did not contain certain limestone which it was thought to contain at the time the contract was entered into. The court refused to permit this evidence, upon the ground that its effect was to vary the terms of the written contract. We think the court was right in so holding. The contract provides that the deferred payment, $19,000, shall be paid "within ninety days from date hereof; ten thousand dollars ($10,000) cash in hand within nine months from the date hereof," and that "an abstract of title is to be furnished and five days' time allowed for examination thereof. It is agreed that if the title to said premises is not good or cannot be made good within sixty days this agreement is void, and the earnest money here receipted for shall be refunded." Time is made the essence of the contract.

It seems reasonably clear, from the face of the contract, that the sixty days' time in which to make the title good began to run from the date of the contract, viz., Feb. 2, 1907. The contract becomes ambiguous only when an attempt is made to construe the sentence "an abstract of title is to be furnished and five days' time allowed for examination thereof," so as to permit some indefinite time for furnishing the abstract. But

if the parties intended such indefinite time for that purpose, it is not clear why time should have been made the essence of the contract, or why the time of payments should have been definitely fixed; for it was certainly not the intention of the parties to pay three-fourths of the purchase price, or $30,000, before it was known that the title was a good one or could be made good. The clear intention is that the $1,000 shall be paid, and refunded if title could not be made good. When the contract is read as a whole, the intention of the parties that the title should be made good within sixty days from its date seems clear. We think there is no such ambiguity in the contract as required evidence to explain it. The contract contemplates that the abstract shall be furnished at once, and five days' time given for an examination thereof. If the title is not good and cannot be made good within sixty days, the contract is void.

The offer of evidence to show that the parties understood at the time the contract was made that the abstract could not be furnished until after the period of sixty days had expired, in effect, was to vary the terms of the contract. If the parties so understood and intended, they should have so stated in the contract. The contract itself is the best evidence of their understanding at the time it was made, and cannot now be varied by oral evidence. The appellant does not contend that the respondent refused the land and demanded the return of his money within the sixty days' time. The demand for the money and refusal to take the land was after the expiration of the time fixed by the contract, when it became void. We are of the opinion, therefore, that the trial court was right.

The judgment must be affirmed.

RUDKIN, C. J., FULLERTON, DUNBAR, and CROW, JJ., concur.